## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**VINCENT M. BELCHER,**

      **Plaintiff,**

**v.**                                 **Case No. 2:15-cv-03489**

**WILLIAM R. SHARPE HOSPITAL,**

      **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

On March 17, 2015, Vincent M. Belcher (hereainfter "the plaintiff"), filed a Letter-Form Complaint (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

The court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell*

*Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Additionally, venue in a civil matter such as this is appropriate in a judicial district in which any defendant resides, or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406(a), if the matter is filed

in the wrong venue, the district court must dismiss the matter or, if it is in the interest of

justice, may transfer the matter to the appropriate venue.  28 U.S.C. § 1406(a).

## ANALYSIS

The Letter-Form Complaint alleges as follows [verbatim]:

I can prove that I'm hostage by a movie that is live no acting footage called
China Assination 1967 by The Great Adam Bhah Bhah,Vincent M. Belcher
To I can prove I'm hostage because I'm human being existence and
everybody here at William R. Sharpe are Devils or difiscencies.  I can prove
it by their skeleton they have a extra rib and a bone in between their his or
her penis.  The females have penises that are SSI or deficensies or Devil or
extraterrestrial.  Whatever you want to call them.  Most or all are staff are
the same.  The Devil I can also prove by their eyes.  Their eyes are black and
can turn blue.  Everybody where contacts.  The human being existence eye
is brown only.  What I'm asking you is to stop giving me medicine the reason
is the medicine would kill me if I was not coynilo or a mason.

To I got shot in the head in 1989 at a school dance, people tryed to kill me.
What I'm saying is the doctors tryed to kill me to if I supposed to have a
metal plate in my head, cause I had a fracture with a whole in my head and
all they did was sord it up my my skin that is.  Can a whole in the skull if not
plated, can it kill you?  I'm asking this question.  To I have not been to court
since 1995 and have not been convicted.  So what I'm asking stop the
medicine or set me free period.

2/26/15
Vincent M. Belcher
Alias The Great Adam Bhah Bhah

I'm giving something to say I'm hostage.  My name is Vincent M. Belcher,
alias The Great Adam Bhah Bhah

(ECF No. 1 at 1-3).

The plaintiff's Letter-Form Complaint contains outrageous and unwarranted

deductions of fact and is patently frivolous.  "A complaint such as this one that describes

fantastic or delusional scenarios is subject to immediate dismissal."  *See Neitzke v.*

*Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992)

(a court need not accept irrational and wholly incredible allegations whether or not there

are judicially noticeable facts available to rebut them).  Accordingly, because the Letter-Form Complaint has no arguable basis in fact, the undersigned proposes that the presiding District Judge **FIND** that it is frivolous.

Moreover, the Letter-Form Complaint contains conclusory allegations and fails to identify any plausible claim against the defendant the allegations therein have no apparent nexus to the Southern District of West Virginia.  Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Letter-Form Complaint fails to state a claim upon which relief can be granted by this court.

To the extent that the plaintiff could allege any plausible claim for relief against William R. Sharpe Hospital, the appropriate venue for such a claim is the United States District Court for the Northern District of West Virginia because the hospital is located in Weston, West Virginia, which is located within that district.  However, because the Letter-Form Complaint is frivolous and fails to state a claim upon which relief can be granted, it is not in the interest of justice to transfer this matter to that court.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1) for being frivolous and for failure to state a claim upon which relief can be granted.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 17, 2017

Dwane L. Tinsley
United States Magistrate Judge